IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KENNETH HINTON,<br><br>                    *Plaintiff,*<br><br>v.<br><br>PEANUT CORPORATION<br>OF AMERICA,<br><br>                    *Defendant.* | CIVIL NO. 6:09cv00010<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Complaint, filed *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. A court shall dismiss a complaint filed *in forma pauperis* at any time "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint shall be dismissed because it fails to allege that this Court has subject matter jurisdiction over his claims.[1]

The court may raise the issue of subject matter jurisdiction on its own initiative at any time. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ( "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). A court may consider subject matter jurisdiction as part of the frivolity review. *See Cornelius v. Howell*, 2007 WL 397449, *2-4 (D.S.C. 2007) (discussing the lack of diversity jurisdiction during frivolity

---

[1] The Court makes no judgment as to the merit of Plaintiff's state law claims, and notes that such tort claims as negligence and intentional or negligent infliction of emotional distress may be brought in state court.

review as a basis for dismissal); *see also Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

In this case, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges several claims for relief, all of which are essentially state law claims for negligence and infliction of emotional distress, arising out of the Plaintiff's alleged ingestion of peanut butter contaminated with salmonella that was manufactured by the Defendant. Several of Plaintiff's claims allege that the Defendant was in violation of standards established by the U.S. Food and Drug Administration ("FDA"). Even if the Complaint were liberally construed to allege a claim for violations of the federal Food, Drug and Cosmetic Act ("FDCA"), that act does not afford a private cause of action. *See Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 810 (1986) (assuming that there is no federal cause of action for FDCA violations); *Orthopedic Equipment Co. v. Eustler,* 276 F.2d 455, 461 (4th Cir. 1960) ("The Federal Food, Drug and Cosmetic Act does not expressly provide a civil remedy for injured consumers."). Further, any state law claim that required a court to find a violation of the FDCA would not create federal question jurisdiction. *See Merrell Dow,* 478 U.S. at 817 (holding that a complaint alleging violation of the FDCA as an element of a state cause of action does not give rise to federal question jurisdiction). The Complaint therefore fails to raise any federal question that might create subject matter jurisdiction.

The Complaint also fails to allege diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The Complaint alleges that Plaintiff is a citizen of Virginia, and that the Defendant is a Georgia corporation with its principal place of business in Virginia. "[A] corporation shall be deemed to

be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, the Defendant is a citizen of both Georgia and Virginia, and diversity between the parties does not exist.

Because the instant Complaint fails to allege that this Court has subject matter jurisdiction over this case, it is hereby DISMISSED. This matter shall be TERMINATED and STRICKEN from the Court's active docket.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Plaintiff.

ENTERED: This 12th day of February, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE